UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DAVID WILLIAMS,                )
                               )
            Plaintiff,         )
                               )
      v.                       )     No. 4:06CV884 FRB
                               )
OMAHA PAPER STOCK, INC.,       )
                               )
            Defendant.         )

**MEMORANDUM AND ORDER**

Presently pending before the Court is plaintiff David Williams' Motion to Remand (filed June 12, 2006/Docket No. 4). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

Plaintiff David Williams brought this action in the Circuit Court of the City of St. Louis, Missouri, alleging that defendant terminated his employment in February 2006 on account of plaintiff's reporting of illegal conduct and for plaintiff's failure to violate the law. Plaintiff alleges that defendant's wrongful termination of plaintiff's employment violated Missouri's public policy exception to the employment at-will doctrine. In his prayer for relief, plaintiff seeks lost wages and benefits, with interest accrued thereon; additional compensatory damages, including damages for emotional distress; punitive damages; and litigation costs.

Defendant Omaha Paper Stock, Inc., removed the cause to

this Court on June 7, 2006, invoking federal diversity jurisdiction. There is no dispute regarding the parties' complete diversity of citizenship in this cause. In its Notice of Removal, defendant contends that the amount in controversy exceeds the jurisdictional threshold of $75,000.00 inasmuch as plaintiff's claim for lost wages and benefits would place such damages in the approximate amount of $45,000.00 at the time of trial (which defendant anticipates would be in May 2007), and that it cannot be said to a legal certainty that plaintiff could not recover punitive damages and damages for emotional distress in an amount exceeding $30,000.00. Plaintiff filed the instant Motion to Remand on June 12, 2006, asserting that defendant cannot meet its burden of demonstrating that the amount in controversy exceeds $75,000.00. Defendant has responded to the motion to which plaintiff has replied.

Federal courts are courts of limited jurisdiction. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Id. (internal citation omitted). As such, as the removing party, defendant bears the burden of establishing federal subject matter jurisdiction. In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir. 1991).

In a case removed to federal court on the basis of diversity jurisdiction, the defendant must present "some specific facts or evidence demonstrating that the jurisdictional amount has been met." Hill v. Ford Motor Co., 324 F. Supp. 2d 1028, 1036 (E.D. Mo. 2004). "The amount in controversy requirement of diversity jurisdiction is strictly construed," Grmac v. Millar Elevator Co./Schindler Enters., 3 F. Supp. 2d 1082, 1083 (E.D. Mo. 1998), with all doubts about federal jurisdiction to be resolved in favor of remand. Business Men's Assur., 992 F.2d at 183. However, "[t]he district court has subject matter jurisdiction in a diversity case when a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000.00." Kopp v. Kopp, 280 F.3d 883, 885 (8th Cir. 2002); see also Hollenbeck v. Outboard Marine Corp., 201 F. Supp. 2d 990, 994 (E.D. Mo. 2001) (prayer for relief not controlling). The jurisdictional fact is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are. Kopp, 280 F.3d at 885.

In his Motion to Remand, plaintiff argues that defendant's assertion of $45,000.00 in lost wages and benefits fails to account for plaintiff's mitigation of damages and that plaintiff has in fact secured new employment, placing plaintiff's actual lost wages and benefits in an amount approximating $5,000.00

or less. Plaintiff also claims that defendant's speculation, with nothing more, that punitive damages and compensatory damages could push plaintiff's total damage award over $75,000.00 is insufficient to sustain defendant's burden of showing diversity jurisdiction. Defendant argues, however, that mitigation of damages is an affirmative defense, that defenses are not to be considered when determining removal jurisdiction, and that therefore plaintiff's mitigation of damages by securing other employment cannot be considered in determining whether this case was properly removed. Defendant also cites examples of verdict awards in unreported Missouri cases in which compensatory and punitive damages caused a plaintiff's damages award to exceed $75,000.00, thereby arguing that it is legally cognizable for plaintiff's claim here of compensatory and punitive damages, when coupled with lost wages and benefits, to exceed the jurisdictional amount. For the following reasons, plaintiff's Motion to Remand should be granted.

Defendant has failed to present specific facts and evidence demonstrating that a fact finder could legally conclude that plaintiff's damages exceed $75,000.00 in this cause. Defendant speculates that *if* trial were to be held in May 2007, plaintiff's lost wages and benefits alone would approximate $45,000.00 at that time. While the Declaration of Wilma Pederson, defendant's Human Resources Director, supports this contention, such an argument fails to consider plaintiff's mitigation of

damages which brings plaintiff's actual claim for lost wages and benefits down to $5,000.00. Defendant argues, however, that the Court may not consider such a mitigation defense to a state petition when determining removal jurisdiction, citing Oklahoma Tax Comm'n v. Graham, 489 U.S. 838 (1989). Defendant's argument is misplaced. In Graham, the case was removed from state court to federal court on the basis of federal question jurisdiction. Noting the state petition to raise only state law claims, the Supreme Court discussed the well-pleaded complaint rule and held that the existence of a federal *defense* to claims asserted in a state petition does not covert a suit otherwise arising under state law into one which arises under federal law. Id. This is not the circumstance here.

In this diversity case, the Court must look to the specific facts and evidence presented and determine whether a fact finder could legally conclude that the damages that the plaintiff suffered are greater than $75,000.00. On the specific facts and evidence presented to this Court, it cannot be said that plaintiff suffered damages in the form of lost wages and benefits in an amount greatly exceeding $5,000.00. Mindful that the amount in controversy requirement of diversity jurisdiction is strictly construed and that all doubts about federal jurisdiction are to be resolved in favor of remand, the undersigned determines that plaintiff's mitigation of damages should not be disregarded in

determining whether diversity jurisdiction exists. To inflate the damages plaintiff could actually recover in back pay and benefits merely to establish federal jurisdiction runs counter to the fundamental precept of limited jurisdiction imposed by the Constitution and laws of the United States. Cf. Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978).

In addition, while punitive damages are included in determining the amount in controversy for diversity jurisdiction purposes, the mere fact that plaintiff has asserted a claim for punitive damages does not relieve defendant, as the removing party, from proving that more likely than not, punitive damages will cause the amount in controversy to exceed $75,000.00. When an amount in controversy depends on a claim for punitive damages, the Court must "scrutinize a claim for punitive damages more closely than a claim for actual damages to ensure Congress's limits on diversity jurisdiction are properly observed." State of Mo. ex rel. Pemiscot County, Mo. v. Western Surety Co., 51 F.3d 170, 173 (8th Cir. 1995) (citing Larkin v. Brown, 41 F.3d 387, 389 (8th Cir. 1994)). Accordingly, the mere fact that plaintiff has alleged punitive damages is insufficient to establish that the requisite amount in controversy has been satisfied. Id.

Other than providing the Court with examples of verdict awards in unreported Missouri cases in which the plaintiff obtained an award, which included punitive damages, exceeding $75,000.00,

defendant fails to demonstrate that the specific circumstances in the instant case are sufficiently similar to such other cases such that the Court is persuaded that a fact finder might legally conclude that the plaintiff here is entitled to such an award of damages. "Having the Court presume that this case involves potential damages exceeding $75,000.00 without offering one shred of evidence regarding potential damages would be nothing more than speculation on the part of defendant (and the Court). Speculation and belief that plaintiff's damages exceed $75,000.00 are insufficient to meet the defendant's burden of proof[.]" Hill, 324 F. Supp. 2d at 1036.

As set out above, defendant has failed to present specific facts or evidence demonstrating that the jurisdictional amount for establishing federal diversity jurisdiction has been met. Defendant has thus failed to overcome the presumption that this cause lies outside the limited jurisdiction of this Court. On the information and evidence presently before the Court, it cannot be said that a fact finder could legally conclude that the damages suffered by plaintiff are greater than the requisite amount to confer federal subject matter jurisdiction. Accordingly, plaintiff's Motion to Remand should be granted.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiffs' Motion to Remand (Docket No. 4) is granted.

**IT IS FURTHER ORDERED** that this cause is hereby remanded to the Circuit Court of the City of St. Louis, Missouri, for all further proceedings.

_____
UNITED STATES MAGISTRATE JUDGE

Dated this  _25th_  day of July, 2006.